[Civ. No. 844. Second Appellate District.—May 7, 1910.]

N. EMMET MAY, Appellant, v. F. S. CRAIG, WALTER J. DESMOND and J. C. TWOMBLEY, Commissioners of Public Works of City of Long Beach, Respondents.

MUNICIPAL CORPORATION—CHARTER CITY—PRIVATE IMPROVEMENTS NOT A "MUNICIPAL AFFAIR."—The construction of improvements upon private property within a charter city is not a municipal affair. The city has no interest or control thereof, except such control as is made necessary for the protection of the public welfare.

ID.—POLICE POWER.—The only power which the city can exercise in relation to such private structures must come from the police power delegated by the constitution to charter cities, which is expressly made subordinate to the general law.

ID.—COMPLAINT FOR MANDAMUS—COPY OF ORDINANCE NOT PRESENTED—JUDICIAL NOTICE.—Where a complaint for *mandamus* does not set forth a city ordinance enacted by the city relating to the construction of buildings therein, the court cannot take judicial notice thereof.

ID.—QUESTION OF CONFLICT OF ORDINANCE WITH GENERAL LAW.—An ordinance may simply exact requirements additional to the general law, which, if true, would not conflict therewith; but if the ordinance undertakes to make lawful that which by the state law is declared unlawful, a conflict would arise, and the ordinance must yield to the general law.

ID.—DUTY OF BOARD OF PUBLIC WORKS TO ISSUE PERMIT—MANDAMUS REFUSED.—In order that the duty should devolve upon the board of public works of the city to issue a building permit, it must be made to appear that no conflict exists between the ordinance and the general law; otherwise the determination of the board in refusing the permit should be sustained, and a writ of mandate thereto was properly refused.

APPEAL from a judgment of the Superior Court of Los Angeles County, refusing a writ of mandate. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Chas. Cassat Davis, for Appellant.

Stephen G. Long, and Percy Hight, for Respondents.

ALLEN, P. J.—Plaintiff by his complaint sought a writ of mandate to compel the board of public works of Long Beach, a charter city, to issue to him a permit for the construction of a certain building by him proposed to be erected within such city. This permit, it is alleged, the board refused to issue, assigning as the sole reason that the plans and specifications intended to control in the erection and construction of such building did not conform to and comply with the requirements of the act of April 16, 1909. (Laws 1909, p. 948.) It is further alleged that the plans and specifications which were presented did conform in every respect to the ordinances of the city regularly enacted with reference to the construction of buildings within such city. It is admitted in the complaint that such plans did not comply with all of the requirements of the general law. A demurrer was interposed to the complaint, which was sustained without leave to amend, and judgment went for defendants, from which judgment this appeal is taken.

It is appellant's contention that all matters with reference to the size and character of buildings constructed or to be constructed within the limits of a charter city, and all regulations relating thereto, are municipal affairs, and under the constitution of this state such charter provisions are superior to the provisions of a general law relating to the same subject. With this contention we do not agree. In our opinion, the construction of improvements upon private property within a city is not a municipal affair. The city has no interest therein or control thereof, except such control is made necessary for the protection of the public welfare, and the only power which the city can exercise in relation to

such private structures must come from the police power delegated by the constitution to such charter cities; and this police power is expressly made subordinate to the general law. The complaint as filed and presented by the record does not contain a copy of the ordinance enacted by the city, and we cannot take judicial notice thereof. It may be that the ordinance simply exacts requirements additional to those of the general law, which, if true, would not be in conflict therewith. (*In re Hoffman*, 155 Cal. 117, [99 Pac. 517].) Upon the other hand, such ordinance may undertake to make lawful that which by the state law is declared unlawful. In that event a conflict would arise, and the ordinance must yield to the general law. That a duty to issue a permit should arise, it must be made to appear that no such conflict exists; otherwise, the determination of the board must be sustained.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.