[Civ. No. 10915. Second Appellate District, Division One.—September 29, 1936.]

CITY OF PASADENA (a Municipal Corporation), Respondent, v. WILLIAM J. FOX, as Chief Engineer, etc., Appellant.

Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Appellant.

Harold P. Huls, City Attorney, and John W. Holmes, Assistant City Attorney, for Respondent.

SHINN, J., pro tem.—The judgment appealed from directed appellant, as Chief Engineer of the Department of Building of the County of Los Angeles, to issue to the City of Pasadena, without payment of any fee for the service, a permit to make alterations and repairs upon a reservoir of the City of Pasadena situated in unincorporated territory.

The entire controversy arises out of the claim by the county that the city was not entitled to receive a permit without the payment of a fee therefor.

By the terms of an ordinance of the county a fee is charged for the service of checking plans and issuing building permits, no exception being made in the case of a municipality applying for the service. The county was entitled to collect the fee unless the exception declared in section 4295 of the Political Code is applicable. The section provides in part as follows: "State, county and township officers shall not, in any case, except in proceedings upon *habeas corpus*, perform any official services unless upon the payment of such fees as are prescribed by law, for the performance of such services; provided, that except where otherwise specifically provided the state or any county, city, city and county, district, or other political subdivision, or any public officer, or board or body, acting in his or its official capacity on behalf of the state, or any county, city, city and county, district, or other political subdivision, shall not be required to pay or deposit any fee for the filing of any document or paper, or for the performance of any official service."

It is insisted by appellant, whose interests are solely those of the county, that the general law has no application because the situation is one in which a county ordinance will prevail over the general law; and that even though it be conceded that the general law would prevail over the county ordinance where the two are in conflict, yet there is no conflict because the state has not legislated specifically in the matter of the issuance of building permits by counties. It is further insisted that inasmuch as the ordinance does not exempt municipalities from the payment of fees, the exemption declared by the general law does not apply because it has been "otherwise specifically provided" within the meaning of section 4295, and that therefore the terms of the ordinance bring the case within this exception stated in the code section. The position of the county cannot be sustained.

Section 11, article XI, of the Constitution provides that "Any county, city, town, or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws".

It has been held that a city ordinance regulating the construction of buildings falls within this class of legislation and is subordinate to the general laws by virtue of the constitutional provision. (*May* v. *Craig*, 13 Cal. App. 368 [109 Pac. 842].) The same is true of a county building ordinance. The provision of the ordinance in question requiring a permit is an important feature of the scheme of regulation adopted by the county and may be given effect only to the extent that it is not in conflict with the general law.

It is true, as the county contends, that the state has not legislated in the matter of county regulation of building construction and the issuance of permits therefor, but the state has legislated upon the subject of fees to be charged for official services and the provisions of the ordinance which attempt to exact fees from municipalities are in direct conflict with and must give way to the general law wherein such fees are dispensed with.

The reasonable interpretation of section 4295 is that the exemption from payment of fees applies in every case where the general law does not otherwise specifically provide. We do not believe that the exemption can be done away with by a county ordinance which in terms requires the payment of fees by other political subdivisions. The restrictive provisions of the section apply only to laws and ordinances which prescribe fees to be paid for official services. If, therefore, the general law was intended not to operate in cases of county ordinances under which it was attempted to exact fees from municipalities for the performance of official services, it would not operate as to county ordinances at all and the purpose of the law would to that extent be defeated. The provisions relate to charges for official services, generally, and are not susceptible to a construction which would make them inapplicable to the performance of duties imposed upon county officers by ordinance.

The City of Pasadena, therefore, was not required to pay a fee to the department of building of the county for the checking of its plans and the issuance of the permit applied for.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.